

FILED
NOV 15 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Ryan C. Jacobson, | Court File No.: 09-4067-KES |
| Plaintiff, | |
| vs | **AMENDED COMPLAINT** |
| Sanford Clinic; and<br>Sanford Medical Center, d/b/a<br>Sanford USD Medical Center, | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendants. | |

TO:   Sanford Clinic, Sanford Medical Center, d/b/a Sanford USD Medical Center, and their counsel of record, Mark W. Haigh, Davenport, Evans, Hurwitz & Smith, LLP, 206 West 14th Street, Po Box 1030, Sioux Falls, SD 57101-1030:

The Plaintiff Ryan C. Jacobson, ("Plaintiff" or "Jacobson"), for his cause of action against the Defendants Sanford Clinic and Sanford Medical Center, d/b/a Sanford USD Medical Center (collectively referred to herein as "Defendants"), complains and alleges as follows:

**I.**

At all times herein mentioned and at all times material hereto, this was and is a medical malpractice action brought under 28 U.S.C. Section 1332, based upon diversity of citizenship between the Plaintiff and Defendants, and based upon the fact that the amount in controversy exceeds $75,000, as Plaintiff is claiming that but for the malpractice he would be able to have children and that he would not have to stay on medication his entire life for the conditions alleged herein. Venue is proper under 28 U.S.C Section 1391, since a substantial part of the events and/or omissions giving rise to the claim occurred in Sioux Falls, South Dakota in Minnehaha County.

## II.

At all times herein mentioned and at all times material hereto, Plaintiff Ryan C. Jacobson, ("Plaintiff" or "Jacobson"), resided at 1344 Briarwood Drive, Albert Lea, MN 56007, which is located in Freeborn County, MN.

## COUNT I – Sanford Clinic

### I.

At all times herein mentioned and at all times material hereto, Defendant Sanford Clinic ("Sanford Clinic") was a non-profit corporation that is incorporated in and existing under the laws of the State of South Dakota and is engaged in the business of providing medical services and medical facilities to the public at large and to the Plaintiff in particular in at 1430 North Highway, Jackson, MN, in Jackson County, MN.

### II.

At all times herein mentioned and at all times material hereto, Defendant Sanford Clinic operated at 1430 North Highway, in the City of Jackson, MN, Jackson County, MN, and in connection with its activities, employed the services of physicians, nurses, and other professional and non-professional employees and held them out and warranted them to the public to be competent, careful and experienced in the care and treatment of patients.

### III.

At all times herein mentioned and at all times material hereto, Dr. Ronald Francis Kline ("Dr. Kline") was a duly licensed physician under the laws of the State of MN.

### IV.

At all times herein mentioned and at all times material hereto, Dr. Kline, as an agent, employee or servant of Defendant Sanford Clinic, was engaged in the practice of medicine, operating under staff privileges at Sanford Jackson Hospital at 1430 North Highway, Jackson, MN.

### V.

At all times herein mentioned and at all times material hereto, Dr. Kline was an agent, employee or servant of Defendant Sanford Clinic and was acting within the course and scope of authority of his employment so that his acts and omissions were the acts and omissions of Defendant Sanford Clinic.

### VI.

At all times herein mentioned and at all times material hereto, there existed between Plaintiff and Dr. Kline a physician-patient relationship.

### VII.

Plaintiff experienced a testicular torsion in the early morning hours of Wednesday, May 16, 2007. Plaintiff then presented for treatment at 8:15 am on May 16, 2007, at Sanford Jackson Hospital Emergency Department where he was treated by the attending emergency room physician, Dr. Ronald Francis Kline. Plaintiff's chief complaint was severe pain (10 out of 10 on a scale of 10) in his lower abdomen with "pain between his legs." Sanford Jackson Hospital's medical records also indicate that Plaintiff was extremely uncomfortable, he was screaming, with concurrent nausea and vomiting, he could not get comfortable, and, finally, he required intravenous narcotics for pain control.

### VIII.

Pain of the severity described above by Plaintiff in the abdomen is frequently and most likely from some form of colic, such as an obstructing kidney stone, a ruptured intestine, peritonitis, or vascular compromise to some organ causing ischemic pain, including a testicular torsion and/or incarcerated inguinal hernia in males and ovarian torsion in women. Plaintiff had an obviously severe medical problem and it was the duty of the emergency department physician to use all technology and physician resources available to obtain a quick diagnosis.

### IX.

When the Plaintiff presented on May 16, 2007, Sanford Jackson Hospital and Dr. Kline and staff prepared a brief work-up of the Plaintiff, including basic laboratory studies which revealed no significant abnormalities and a normal x-ray of the abdomen. The physical exam by Dr. Kline showed tenderness to the abdomen, but there was no documented exam of the groin or genitalia, there was no documented differential diagnosis, and there were no further tests ordered.

### X.

Sanford Jackson Hospital and Dr. Kline then sent Plaintiff via the Jackson Ambulance Service to Defendant Sanford Medical Center, d/b/a Sanford USD Medical Center after virtually no treatment and with no diagnosis, to obtain a CT scan and a "possible diagnosis."

### XI.

After arriving at Defendant Sanford USD Medical Center, several hours after the first treatments at Sanford Jackson Hospital, Dr. Janell L. Simpkins, the treating Emergency Room physician, with the hospital staff, performed another evaluation of the Plaintiff. The intake nurse at Defendant Sanford USD Medical Center found the Plaintiff's vitals to be stable. However, Plaintiff still complained of pain of 7 out of 10 on a scale of 10. It was also again documented that Plaintiff had pain in the groin and in the low abdomen with radiation into his back. Plaintiff's genitals were now finally inspected at Defendant Sanford USD Medical Center, but there was no other exam for mal-rotation or tenderness performed. Defendant Sanford USD Medical Center performed the same lab analysis with no significant changes noted and also performed a CT scan which did not provide the proper diagnosis. In addition, the hospital notes do not indicate that a differential diagnosis was made, and there is no mention of a suspicion of a testicular torsion or incarcerated hernia. Based on the history given with the pain in the groin and "between the legs," a standard test of an ultrasound with Doppler of the testes should have

been performed even before the CT scan, which was inconclusive. Even at this point, an ultrasound of the testes would have provided a clear diagnosis and surgical care could have been provided within about three and one-half hours after Plaintiff's initial complaints and Plaintiff's testicle probably <u>would</u> have still been salvageable. Dr. Simpkins then diagnosed Plaintiff with unspecified abdominal pain and sent him home <u>with a recommendation to take Milk of Magnesia for constipation</u>, missing the true diagnosis for the second time.

## XII.

The actual diagnosis of a testicular torsion was made the following day at the Albert Lea Medical Center Emergency Room and was confirmed with Doppler ultrasound, but by this time the Plaintiff's testicle was non-functional.

## XIII.

<u>Dr. Kline deviated from the applicable standard of care in caring for Plaintiff given his complaints and failure to improve, as follows: (1) a testicular torsion and incarcerated hernia should have been immediately considered as a possibility, but these conditions were never considered and no testing was done to rule out these possibilities; (2) no examination of the groin and testicle was performed; (3) no consultants were contacted to help and there was no referral to a urologist or other specialists for surgical care or otherwise; (4) an ultrasound of the testes with Doppler to see if there was mal-rotation and loss of blood flow to the testicle was not performed, (5) no rectal contrast CT scan was performed to rule out other causes and an MRI was not performed, (6) no further testing was performed before transfer by ambulance to Defendant Sanford USD Medical Center despite Plaintiff's stable condition, significantly causing further delay and damage to the Plaintiff's testes; and (7) as a result of the delay in diagnosis, no definitive treatment was ordered ultimately causing the death of the Plaintiff's only remaining testicle and sterility and resulting in Plaintiff's need for hormone replacement for life.</u>

### XIV.

Dr. Kline, as agent and employee of the Defendant Sanford Clinic, negligently and carelessly failed to exercise that degree of skill and care customarily exercised by similarly trained physicians under like circumstances.

### XV.

That Dr. Kline was negligent in failing to exercise the degree of skill and care ordinarily exercised by other physicians and surgeons engaged in this type of practice in the City of Jackson, County of Jackson, State of MN, or in like localities.

### XVI.

On May 16, 2007, Defendant Sanford Clinic, by and through its duly authorized employees and agents, including Dr. Kline, was guilty of the aforementioned negligent acts and or omissions.

### XVII.

Defendant Sanford Clinic negligently failed to supervise or properly train Dr. Kline and the nursing personnel and other assisting personnel on duty at the time of the incidents described herein.

### XVIII.

If Dr. Kline had exercised the degree of skill and care ordinarily exercised by other physicians and surgeons engaged in his type of emergency room practice, Plaintiff's injury and damage would not have occurred. Plaintiff alternately relies upon the doctrine of Res Ipsa Loqitur.

### XIX.

As a direct and proximate result of the negligence of Defendant Sanford Clinic and Dr. Kline, and each of them, the testicular torsion was not diagnosed timely or treated in a timely manner resulting in added and continuing pain and suffering as well as death of Plaintiff's testicle, sterility of Plaintiff (as the Plaintiff, a 26 year old man, only had one testicle to start with due to a non-descending testicle as a child), and Plaintiff will require testosterone replacement therapy for the rest of his life.

## XX.

As a direct and proximate result of the negligence of the Defendant Sanford Clinic and Dr. Kline, and each of them, Plaintiff has been required to undergo additional ongoing treatment and will be required to take medication and hormone therapy the rest of his life.

## XXI.

As a direct and proximate result of the aforesaid negligent and careless conduct of the Defendant Sanford Clinic and Dr. Kline, and each of them, Plaintiff was caused to suffer embarrassment and emotional distress; and severe and painful injury to his mind and body, including but not limited to severe pain, a changed voice, other permanent injuries, and permanent disfigurement to his testicle and permanent disability to his body; and will in the future be caused to endure great pain and suffering of mind and body; embarrassment, emotional distress and disability; loss of earnings and earning capacity, past present and future; and loss of ability to engage in his normal and ordinary daily activities.

## XXII.

That as a direct and proximate result of the negligence of the Defendant Sanford Clinic and Dr. Kline and each of them, Plaintiff has incurred medical and hospital expenses in excess of $25,000 and will in the future incur medical and hospital expenses to cure and relieve the damage caused by the negligence of the Defendant.

### COUNT II – Sanford USD Medical Center

## I.

At all times herein mentioned and at all times material hereto, Sanford Medical Center, d/b/a Sanford USD Medical Center ("Sanford USD Medical Center") was a non-profit corporation that was incorporated in and existing under the laws of the State of South Dakota and was engaged in the business of providing medical services and hospital facilities to the public at large and to the

Plaintiff in particular at its principal place of business located at 1305 West 18th Street, in the City of Sioux Falls, SD, Minnehaha County.

## II.

At all times herein mentioned and at all times material hereto, Defendant Sanford USD Medical Center operated at 1305 West 18th Street, in the City of Sioux Falls, SD, Minnehaha County, SD, and, in connection with its activities, employed the services of physicians, nurses, and other professional and non-professional employees and held them out and warranted them to the public to be competent, careful and experienced in the care and treatment of patients.

## III.

At all times herein mentioned and at all times material hereto, Dr. Simpkins was a duly licensed physician under the laws of the State of South Dakota, and was engaged in the practice of medicine at the Defendant Sanford USD Medical Center at 1305 West 18th Street, Sioux Falls, SD 57105, in Minnehaha County, SD.

## IV.

At all times herein mentioned and at all times material hereto, Dr. Janell L. Simpkins ("Dr. Simpkins") was an agent, employee or servant of Defendant Sanford USD Medical Center with staff privileges and was acting within the course and scope of authority of her employment so that her acts and omissions were the acts and omissions of Defendant Sanford USD Medical Center.

## V.

At all times herein mentioned and at all times material hereto, there existed between Plaintiff and Dr. Simpkins, a physician-patient relationship.

## VI.

Plaintiff re-alleges and reincorporates paragraphs VII.–XII. of COUNT I against Defendant Sanford Clinic, as paragraphs VI.–XI. of COUNT II against Defendant Sanford USD Medical Center.

## XII.

Dr. Simpkins deviated from the applicable standard of care in caring for Plaintiff given his complaints and failure to improve, as follows: (1) a testicular torsion and incarcerated hernia should have been immediately considered as a possibility, but these conditions were never considered and no testing was done to rule out these possibilities; (2) although an inspection of the groin and testicle was performed, there was no examination of the groin and testicle; (3) no consultants were contacted to help and there was no referral to a urologist or other specialists for surgical care or otherwise; (4) an ultrasound of the testes with Doppler to see if there was mal-rotation and loss of blood flow to the testicle was not performed, and (5) as a result of the delay in diagnosis, no definitive treatment was ordered ultimately causing the death of the Plaintiff's only remaining testicle and sterility and resulting in Plaintiff's need for hormone replacement for life.

## XIII.

Dr. Simpkins, as agent and employee of the Defendant Sanford USD Medical Center, negligently and carelessly failed to exercise that degree of skill and care customarily exercised by similarly trained physicians under like circumstances.

## XIV.

That Dr. Simpkins was negligent in failing to exercise the degree of skill and care ordinarily exercised by other physicians and surgeons engaged in this type of practice in the City of Sioux Valley, County of Minnehaha, State of SD, or in like localities.

## XV.

On May 16, 2007, Defendant Sanford USD Medical Center, by and through its duly authorized employees and agents, including Dr. Simpkins, was guilty of the aforementioned negligent acts and or omissions.

## XVI.

Defendant Sanford USD Medical Center negligently failed to supervise or properly train Dr. Simpkins and the nursing personnel and other assisting personnel on duty at the time of the incidents described herein.

## XVII.

If Dr. Simpkins had exercised the degree of skill and care ordinarily exercised by other physicians and surgeons engaged in his type of emergency room practice, Plaintiff's injury and damage would not have occurred. Plaintiff alternately relies upon the doctrine of Res Ipsa Loqitur.

## XVIII.

As a direct and proximate result of the negligence of Defendant Sanford USD Medical Center and Dr. Simpkins, and each of them, the testicular torsion was not diagnosed timely or treated in a timely manner resulting in added and continuing pain and suffering as well as death of Plaintiff's testicle, sterility of Plaintiff (as the Plaintiff, a 26 year old man, only had one testicle to start with due to a non-descending testicle as a child), and Plaintiff will require testosterone replacement therapy for the rest of his life.

## XIX.

As a direct and proximate result of the negligence of the Defendant Sanford USD Medical Center and Dr. Simpkins, and each of them, Plaintiff has been required to undergo additional ongoing treatment and will be required to take medication and hormone therapy the rest of his life.

## XX.

As a direct and proximate result of the aforesaid negligent and careless conduct of the Defendant Sanford USD Medical Center and Dr. Simpkins, and, and each of them, Plaintiff was caused to suffer embarrassment and emotional distress; and severe and painful injury to his mind and body, including but not limited to severe pain, a changed voice, other permanent injuries, and permanent disfigurement to his testicle and permanent disability to his body; and will in the future be caused to endure great pain and suffering of mind and body; embarrassment, emotional distress and disability; loss of earnings and earning capacity, past present and future; and loss of ability to engage in his normal and ordinary daily activities.

## XXI.

That as a direct and proximate result of the negligence of the Defendant Sanford USD Medical Center and Dr. Simpkins and each of them, Plaintiff has incurred medical and hospital expenses in excess of $25,000 and will in the future incur medical and hospital expenses to cure and relieve the damage caused by the negligence of the Defendant.

**WHEREFORE,** Plaintiff demands judgment against the Defendants Sanford Clinic and Sanford Medical Center d/b/a/ Sanford USD Medical Center, and each of them, jointly and severally for an amount in excess of $50,000, together with his costs and disbursements and pre-judgment interest incurred herein.

                        PLUNKETT & ASSOCIATES, INC.

Dated: 10/06/2010              *Peter D. Plunkett*
                                        Peter D. Plunkett   #169304
                                        Attorney for Plaintiff
                                        107 W. Oakland Avenue
                                        P.O. Box 463
                                        Austin, MN 55912
                                        (507) 437-2845
                                        (507) 437-8376

                                        VANDENBERG LAW

Dated: 10/06/2010             *Eleanor M. VandenBerg*
                                          Eleanor M. VandenBerg
                                        Attorney for Plaintiff
                                        207 Kasan Avenue
                                        P.O. Box 78
                                        Volga, SD 57071
                                        (605) 627-5972

## ACKNOWLEDGEMENT

      The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded to the opposing party or parties pursuant to Minnesota Statutes Section 549.211, Subdivision 2.

                                        PLUNKETT & ASSOCIATES, INC.

Dated: 10/06/2010              *Peter D. Plunkett*
                                          Peter D. Plunkett   #169304
                                        Attorney for Plaintiff
                                        107 W. Oakland Avenue
                                        P.O. Box 463
                                        Austin, MN 55912
                                        (507) 437-2845
                                        (507) 437-8376

VANDENBERG LAW

Dated: 10/06/2010

*Eleanor M. VandenBerg*
Eleanor M. VandenBerg
Attorney for Plaintiff
207 Kasan Avenue
P.O. Box 78
Volga, SD 57071
(605) 627-5972

## DEMAND FOR TRIAL BY JURY OF PEERS

Plaintiff demands a trial by jury of peers for all issues that can be tried at law.

VANDENBERG LAW

Dated: 10/06/2010

*Eleanor M. VandenBerg*
Eleanor M. VandenBerg
Attorney for Plaintiff
207 Kasan Avenue
P.O. Box 78
Volga, SD 57071
(605) 627-5972