UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**************************************************************************

| | |
|---|---|
| RYAN C. JACOBSON, * | CIV. 09-4067 |
| an individual, * | |
| * | |
| Plaintiff, * | |
| * | |
| vs. * | ORDER |
| * | Plaintiff's Motions in Limine (Doc. 70) |
| SANFORD CLINIC; and * | Defendants' Motions in Limine (Doc. 64) |
| SANFORD MEDICAL CENTER, * | Defendants' Motion to Sequester (Doc. 84) |
| d/b/a Sanford USD Medical Center, * | |
| * | |
| Defendants. * | |
| * | |

**************************************************************************

Pending are the parties' respective Motions in Limine and the Defendants' Motion to Sequester Witnesses.

_____

## PLAINTIFF'S MOTION IN LIMINE (DOC. 70)

**1.     Directing all parties, their counsel, and all witnesses to refrain from soliciting or offering testimony or evidence regarding any of the plaintiff and his ex-wife's attempt(s) at conceptions and /or any alleged infertility of either the plaintiff or his ex-wife.  There is no evidence in the records to support any potential assertions with regard to any infertility of the plaintiff.**

The Defendants object to the motion.  They assert that because Plaintiff claims sterility resulting from the alleged medical malpractice as an element of damages, Plaintiff's ability to father children before the date of the alleged malpractice is relevant.  Defendants have produced testimony and medical records which indicate Plaintiff and his ex-wife were married four years.  Plaintiff testified that he and his ex-wife tried unsuccessfully to have children throughout the entirety of the marriage.  They never pursued medical testing to determine why they did not conceive.  Plaintiff carries the burden of proving his damages by a preponderance of the evidence.  That Plaintiff actively tried to conceive with his ex-wife for four years but was unsuccessful before his claimed injury is evidence which the jury should be allowed to consider in determining whether his sterility was proximately caused by the Defendants.  Plaintiff's Motion in Limine No. 1 is **DENIED.**

2.	**Directing all parties, their counsel, and all witnesses to refrain from soliciting or offering testimony or evidence regarding plaintiff's intellectual abilities or lack thereof. Plaintiff's intellectual abilities have not been put in issue.**

Defendants object to the motion. They assert evidence regarding Plaintiff's intellectual abilities is relevant to his claim for loss of earning capacity. Defendants have offered medical records which indicate Plaintiff has a mild mental disability. The Defendants cite *National R.R. Passenger Corp. v. McDavitt*, 804 A.2d 275, 290 n.11 (D.C. 2002) for the proposition that factors such as "health, education, and opportunity for education, age, intelligence, industriousness, manner of living, sobriety or temperance, frugality or lavishness or other personal characteristics which affect ability to secure business or earn money" are all relevant to a claim for loss of earning capacity. Whether the evidence will be sufficient to support instructing the jury on a claim for damages to include a claim for loss of earning capacity remains to be seen. However, if the Plaintiff wishes to retain the option of instructing the jury regarding loss of earning capacity, Plaintiff's intellectual abilities remain relevant and admissible. Plaintiff's Motion in Limine No. 2 is **DENIED.**

3.	**Directing all parties, their counsel, and all witnesses to refrain from soliciting or offering testimony or evidence regarding any supposed fetal alcohol syndrome of the plaintiff.**

Defendants object to the motion. They assert that although it is acknowledged Plaintiff does not have fetal alcohol syndrome, Plaintiff related a history of *possible* fetal alcohol syndrome to the physicians at Sanford Jackson Hospital and Sanford Medical Center. Defendants assert they do not intend to make an issue of whether Plaintiff did or did not have fetal alcohol syndrome "however the fact that Plaintiff conveyed that information to Dr. Kline is part of the fact pattern in this case." Defendants do not assert the physicians relied on the information as part of Plaintiff's medical history in making their diagnosis or offer any other explanation for how Plaintiff's *possible* fetal alcohol syndrome is relevant to any issue in this case. Plaintiff's Motion in Limine No. 3 is **GRANTED**.

4.	**Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence regarding the presence or absence of other litigation or other claims involving Plaintiff's expert, Richard Barney, M.D.**

Defendants have no objection so long as a reciprocal order is entered regarding their expert witnesses. Plaintiff's Motion in Limine No. 4 is **GRANTED.**

**5.** **Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence regarding the presence or absence of other litigation or other claims involving plaintiff's expert, Donald Fuerst, M.D.**

Defendants have no objection to the motion so long as a reciprocal order is entered regarding their expert witnesses. Plaintiff's Motion in Limine No. 5 is **GRANTED**.

---

## DEFENDANTS' MOTIONS IN LIMINE (DOC. 64)

**1.** **Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence that Defendants had liability insurance at the time of this incident.**

Plaintiff does not object. Defendants' Motion in Limine No. 1 is **GRANTED**.

**2.** **Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence regarding settlement.**

Plaintiff does not object. Defendants' Motion in Limine No. 2 is **GRANTED.**

**3.** **Excluding hearsay statements of treating physicians.**

Plaintiff does not object. Defendants' Motion in Limine No. 3 is **GRANTED.**

**4.** **Precluding Plaintiff, his attorneys, and his witnesses from making "golden rule" arguments.**

Plaintiff does not object. Defendants' Motion in Limine No. 4 is **GRANTED.**

**5.** **Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence regarding the presence or absence of other litigation or other claims involving Dr. Ronald Kline.**

Plaintiff does not object. Defendants' Motion in Limine No. 5 is **GRANTED.**

**6.** **Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence that Dr. Ronald Kline was unsuccessful in his first attempt to pass his examination for board certification.**

Plaintiff does not object. Defendants' Motion in Limine No. 6 is **GRANTED.**

**7. Excluding hearsay statements of Plaintiff's ex-wife regarding her menstrual cycle.**

Plaintiff does not object. The Court notes the statements to which Defendants refer come from Plaintiff's father, Darcy Jacobson. The Court also notes that Defendants vigorously argue Plaintiff's inability to have children with his ex-wife is highly relevant to his claim that it was the Defendants' negligence which rendered him unable to father children. This argument cuts both ways. While hearsay is inadmissible, if the Plaintiff has independent knowledge of his ex-wife's irregular menstrual cycle, that too is relevant to the issue of why the couple was unable to conceive and would be admissible. With that caveat, Defendants' Motion in Limine No. 7 is **GRANTED.**

**8. Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence that Sanford or any of its affiliates paid for or reduced Plaintiff's medical expenses.**

Plaintiff does not object. Defendants' Motion in Limine No. 8 is **GRANTED.**

**9. Excluding the testimony of Plaintiff's life care plan expert Kristy Farnsworth.**

Plaintiff does not object. The Court notes Kristy Farnsworth is not listed on Plaintiff's witness list. Defendant's Motion in Limine No. 9 is **GRANTED.**

**10. Directing all parties, their counsel, and all witnesses to refrain from offering testimony or evidence regarding the presence or absence of other litigation or other claims involving Defendants' expert, Dr. Daniel Hofmann.**

Plaintiff does not object. Defendants' Motion in Limine No. 10 is **GRANTED**.

**11. Precluding Plaintiff and his attorneys from making any claim for damages based on emotional distress or mental anguish.**

Plaintiff objects. Defendants assert that the medical records indicate Plaintiff began seeing a psychiatrist in September, 2008, but that to date, Plaintiff has not provided medical releases to allow Defendants to obtain psychiatric records. Defendants assert they are therefore unable to evaluate whether Plaintiff has really suffered any emotional distress from losing his only testicle and/or cross-examine Plaintiff regarding his alleged emotional distress claims in the absence of reviewing medical records from a psychiatrist. Plaintiff's counsel has represented to the Court that Plaintiff has provided Defendants with an authorization to obtain medical records for every medical

provider /facility for which one has been requested.  Defendants have requested the South Dakota "common sense" pattern jury instruction (South Dakota Pattern 1-30-20) which states "in weighing the evidence in this case, you have a right to consider the common knowledge possessed by all of you, together with the ordinary experiences and observations in your daily affairs of life."  It is applicable here.  Defendants' Motion in Limine No. 11 is **DENIED**.

---

### DEFENDANTS' MOTION TO SEQUESTER (DOC. 84)

The Defendants move to sequester Plaintiff's witnesses pursuant to Fed. R. Evid. 615.  The rule requires sequestration upon request of a party.  The order shall be reciprocal, and Defendants' witnesses shall likewise be sequestered.  Expert witnesses are exempt from sequestration. Defendants' Motion to Sequester is **GRANTED**.  All non-party witnesses in this case (except experts) shall be excluded from the courtroom until their own testimony has concluded.

Dated this 2nd day of December, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge